UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

128 IMPORTS, INC., d/b/a 128 MAZDA-OLDS-
ISUZU, a Massachusetts Corporation

    Plaintiff,

vs.                                             CASE NO. 05 10523 NG

GENERAL MOTORS CORPORATION,
a Delaware Corporation

    Defendant.

_____/

## DEFENDANT GENERAL MOTORS' MOTION TO DISMISS

Plaintiff 128 Imports, Inc., d/b/a 128 Mazda-Olds-Isuzu ("128 Imports") has filed a four-count Complaint against defendant General Motors Corporation ("GM") alleging that GM has breached 128 Imports' Dealer Sales and Service Agreement by announcing a planned phase-out of the Oldsmobile line-make over several years. The predicate facts alleged by 128 Imports, however, fail to state a claim as a matter of law. Accordingly, GM respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

As demonstrated more fully in the accompanying Memorandum in Support of Defendant General Motors' Motion to Dismiss the Petition, GM states as follows:

*First*, 128 Imports' dealer termination claims under the Massachusetts "Dealer's Bill of Rights" (Count I) fail because the Massachusetts statute expressly permits the precise conduct alleged here: the nonrenewal of plaintiff's Oldsmobile dealer agreement resulting from GM's discontinuation of the Oldsmobile line-make. *See* M.G.L.A. c. 93B, § 12.

*Second*, 128 Imports' claim for breach of the Oldsmobile Dealer Agreement (Count II) likewise fails because 128 Imports can point to no provision of the Dealer Agreement that has been breached by the announcement of the eventual phase-out of the Oldsmobile line-make. 128 Imports' claim for "repudiation" (*i.e.* anticipatory breach) of the Dealer Agreement (Count II) also fails. No such claim is recognized under Massachusetts law. As to Michigan law – which the parties' intended to govern any disputes – a plaintiff must first renounce a contract before bringing suit for anticipatory breach on that contract. 128 Imports has not renounced the Dealer Agreement and continues enjoying benefits under it to this day.

*Third*, 128 Imports' claim for breach of the implied covenant of good faith and fair dealing (Count III) also fails because no such claim is recognized in Michigan and, in any event, because the implied covenant cannot be used to insert new terms into a written contract, as 128 Imports attempts to do here.

*Finally*, 128 Imports cannot state a claim for unjust enrichment (Count IV) because no cause of action for unjust enrichment exists when a written contract governs the parties' relationship, as the Dealer Agreement does here.

WHEREFORE, defendant General Motors Corporation respectfully requests that the Court dismiss the Complaint with prejudice, for the reasons developed more fully in the accompanying Memorandum in Support of Defendant General Motors' Motion to Dismiss.

### REQUEST FOR ORAL ARGUMENT

Pursuant to District of Massachusetts Local Rule 7.1(d), defendant General Motors Corporation states that it believes that oral argument will assist the Court in deciding this Motion and wishes to be heard.

Dated: April 18, 2005                                   Respectfully submitted,


  /s/   Richard P. Campbell

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

Richard P. Campbell
One Constitution Center
Third Floor
Boston, Massachusetts 02129
Telephone: (617) 241-3000
Facsimile: (617) 241-5115

KIRKLAND & ELLIS, LLP

Mark S. Lillie
Leonid Feller
Michael A. Duffy
Joseph Russell
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2005, I caused a true and correct copy of **DEFENDANT GENERAL MOTORS' MOTION TO DISMISS** to be served upon the following counsel of record via U.S. mail:

>Robert F. McDonald, Jr.
>Glenn Israel
>BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
>100 Middle St., West Tower
>Portland, ME 04104
>
>W. Douglas Moody
>Richard N. Sox, Jr.
>MYERS & FULLER, P.A.
>2822 Remington Green Cir.
>Tallahassee, FL 32308

>/s/ Richard P. Campbell
>Richard P. Campbell